### In re NANTUCKET AIRCRAFT MAINTENANCE CO., INC., d/b/a Will's Air.

**Bankruptcy No. 82–1481–JG.**

United States Bankruptcy Court,
D. Massachusetts.

Oct. 9, 1985.

MEMORANDUM

JAMES N. GABRIEL, Bankruptcy Judge.

This matter came before the Court on the debtor's objection to the Proof of Claim of William and Carole Bittman which claims that the debtor owes the Bittmans $50,000 because it is responsible for the theft of Mrs. Bittman's jewelry. A trial was held and both parties submitted briefs. Based upon the testimony and documentary evidence the Court makes the following findings of fact and conclusions of law in accordance with Bankruptcy Rule 7052.

On August 4, 1983 Mr. and Mrs. Bittman travelled from Washington, D.C. to Hyannis, Massachusetts to visit friends. On the first leg of the trip they flew on Northwest Orient Airlines. Travelling from Boston to Hyannis they flew on Will's Air, a small commuter airline and the chapter 11 debtor in this case. Mrs. Bittman brought with her a makeup case which contained a soapdish holding her diamond engagement ring, a gold wedding band, a diamond bracelet, a pair of diamond and gold earrings, a pair of diamond and pearl earrings, a gold and ruby ring, and a gold and ruby bracelet. While flying on Northwest, Mrs. Bittman kept the makeup case with her. Before boarding the Will's Air plane, the airline ticket clerk required Mrs. Bittman to check the makeup case, which she reluctantly did. Mrs. Bittman did not remove the soapdish holding the jewelry from the case, which was unlocked. After taking the bag and the required fee, the airline handed them numbered claim checks stapled together to the back of a receipt for the cash. On the back of each stub there was printed language purporting to limit the airline's liability for the luggage to $100. The back of the airline ticket bore printed language limiting the airline's liability to $750 in case of "loss, delay, or damage to baggage". The Bittmans' flight was delayed and their luggage, including the small make-up bag, was out of their sight for some time before it was loaded aboard the plane. Upon arrival at Hyannis a Will's Air employee handed the bag to

Neal E. Satran, Satran, Reade & Marino, Boston, Mass., for debtor.

Kathy A. Grant, Pierson, Ball & Dowd, Washington, D.C., for claimant.

Carole Bittman. The Bittmans loaded their luggage onto their friends' car and they drove to the friends' home.

Upon arriving at the friends' home on Thursday Mrs. Bittman placed her makeup bag in the bathroom. Mrs. Bittman did not check for her jewelry until Saturday evening, August 6, 1983 when she discovered that the soapdish was not in the case. She assumed she had left the jewelry at home because while packing for the trip she had changed her mind several times about bringing the jewelry.

Upon arriving home in Washington on Monday, August 7, 1983, Mrs. Bittman did not look for her jewelry. She went to work the next day, without having checked for the jewelry. She did not search for the jewelry until Wednesday, August 9, 1983. Thereafter, on August 12 she contacted Will's Air, and reported the missing jewelry to the police, FAA, and CAB.

## DISCUSSION

A proof of claim constitutes prima facia evidence of the validity and amount of the claim. 11 U.S.C. § 502(a); Bankruptcy Rule 3001(f); *L. King, 3 Collier on Bankruptcy,* ¶ 502.01, at 502–16 (15th ed. Supp.1984). When an objection to the claim is made the objecting party carries the burden of going forward with evidence showing facts tending to defeat the claim but not the burden of ultimate persuasion. *Id.* at 502–17. The burden of persuasion always remains on the claimant and, therefore, once there is evidence as to the invalidity of the claim, the burden rests on the claimant to introduce rebutting evidence. *Id.* at 502–18.

Both the claimant and the debtor agree that no federal regulations or rules limiting the airline's liability were in effect at the time of the alleged loss.[1] Rather common law principles of bailment govern the issue of liability in this case because

Will's Air is an intrastate airline. A bailment is created whenever personal property is delivered by one person to another in trust for a specific purpose with the understanding that the property will be returned when the purpose is accomplished. *Union Old Lowell National Bank v. Paine,* 318 Mass. 313, 61 N.E.2d 666 (1945); *Brooks v. Davis,* 294 Mass. 236, 1 N.E.2d 17, 20 (1936); 9 Williston on Contracts § 1030; 8 C.J.S. Bailments § 1; Am.Jur.2d Bailments § 2. The classification of a bailment operates generally to determine the nature of the bailee's obligation to the bailor. 8 Am. Jur.2d Bailments § 214. While bailees are required to exercise due care and diligence in protecting and keeping safe the bailed property they are not insurers, and are only liable for negligence. A bailor makes out a prima facie case of negligence by a bailee by proof of three elements: a contract of bailment; delivery to the bailee; and the failure of the bailee to redeliver the property at termination of the bailment. *See Inland Metals Refining Co. v. Ceres Marine Terminals,* 557 F.Supp. 344 (N.D. Ill.1983). To sustain a claim of negligence against a bailee, it must be shown that the article was not returned or was returned in a damaged condition. *Lonray, Inc. v. Azucar, Inc.,* 568 F.Supp. 189 (M.D.Fla.1983). "... [N]o inference of negligence arises against the bailee if his possession of the damaged property was not exclusive of that of the bailor." *U.S. v. Moutbray's Floating Equipment Exchange, Inc.,* 601 F.2d 645, 647 (2d Cir.1979) (citations omitted).

In the present case, the claimant has not shown that the bailee failed to redeliver her property upon termination of the bailment. Mrs. Bittman's claim that her jewelry was stolen while in the possession of Will's Air is pure speculation because she did not check the case to determine whether the jewelry was present

---

1. It now appears that federal regulations govern the liability of even intrastate airlines such as Will's Air for damages resulting from personal property as long as the intrastate flight segment uses aircraft having a capacity of more than sixty seats. *See* 14 C.F.R. § 254.4 (1985). No such regulation was in effect at the time of the loss complained of in the present case. *See* 14 C.F.R. 254.3 (effective date suspended indefinitely on February 17, 1983).

when the baggage was returned to her in Hyannis. Since Mrs. Bittman did not check for the presence of her jewelry until two days after Will's Air's possession had ceased, and since she did not keep the bag in her exclusive possession during this time, it is equally plausible that the jewelry was misappropriated during this period. Due to Mrs. Bittman's failure to timely inspect her bag, it is simply not known whether the jewelry was misappropriated while in the possession of Will's Air or at a later time.

In light of this ruling the Court need not address the debtor's argument that its liability was limited by contract. The claim of William and Carole Bittman is disallowed.