LoConto, J.
Aggrieved by the allowance of the defendants’ motion for summary judgment, the plaintiff instituted this appeal on the record of proceedings in accordance with District/Municipal Courts Rules for Appellate Division Appeal, Rule 8C. We rule that the trial judge committed prejudicial error and order that the ruling be reversed and that the case proceed to trial.
The plaintiff brought a complaint against the two defendants doing business as the Center Pawn Shop. She sought relief based upon a violation of Massachusetts General Laws, Chapter 93A section 9(4), misrepresentation, breach of contract and a breach of a bailment agreement. The defendants denied liability and moved for summary judgment. Their motion was based upon the pleadings, the defendants’ discovery requests and the plaintiff’s answers and responses thereto, depositions of the defendants, and the affidavits of Charles Ginopoulos and of the defendants’ attorney, Steven L. Winniman. The plaintiff supported her opposition by her affidavit, the defendants’ responses to her interrogatories, affidavits by her attorney, Gary B. Liquori, an appraisal of her ring, and a copy of the Chicopee Police Department’s investigation of the reported robbery.
The facts necessary for an understanding of this case, taken from the above mentioned documents, are as follows. There is no dispute that on or about October 1, 1993, the plaintiff pawned a two carat diamond ring with the defendants to secure a $650.00, loan. An appraisal secured by the plaintiff suggests this ring is worth approximately $9,500.00. It was agreed that the plaintiff would incur interest on the loan and that she would be entitled to return of the ring upon payment of the loan plus interest. In late December of that year, the plaintiff was first informed by the defendants that her ring was stolen during a robbery at the pawnshop on October 18,1993. The plaintiff contends in her affidavit that she had been promised that “her ring would be kept in a locked safe at all times because it had substantial value.” Further, she alleges that she was told by defendants Jeffrey Kuseliaa and Theodore Sears that her ring would be locked in the safe at all times and that only they had access to the safe. In his deposition, the defendant, Sears, stated that the ring was not in the safe at the time of the robbery, and that he never told the plaintiff that it would be in a safe at all times. The defendant, Kuseliaa, testified that the ring was kept in a metal box behind the counter during the day, and that this box was not locked at all times. Neither defendant was present in the pawnshop at the time of the robbery at approximately 11:00 AM., on Monday, October 18,1993. An employee, Charles Ginopoulos, was in charge of the shop at that time. He described the incident as an armed robbery (handgun), committed *21 by two or three males. It was investigated by the Chicopee Police Department. The defendants admit that they did not notify the plaintiff of the loss until after she came into the shop in December. She claims that she was told at that tíme that the $650.00 was due, even though they could not return the ring.
Our review involves the same standard employed initially by the trial judge. The standard of review of a grant of summary judgment is whether, viewing the evidence in the light most favorable to the nonmoving parry, all material facts have been established and the moving party is entitled to a judgment as a matter of law. Augat, Inc. v. Liberty Mutual Insurance Company, 410 Mass. 357 (1991). All inferences must be viewed in the light most favorable to the party resisting the motion, Attorney General v. Bailey, 386 Mass. 367 (1982), and our review must be confined to an examination of the materials before the trial court at the time the ruling was made. Fidelity Management & Research Company v. Ostrander, 40 Mass. App. Ct. 195 (1995). A review of the substantive law for each of the plaintiffs claims reveals that there exists genuine issues of material fact in dispute that require resolution by trial.
When parties enter into a mutually beneficial bailment, as here, the bailee is required to exercise ordinary care or due care in safeguarding the bailor’s property and will be liable only if he is negligent. But because the bailor may not be able to prove something outside his knowledge, as a general rule, a prima facie case has been presented by the bailor if the bailor can prove delivery of the property to the bailee in good condition and the failure of the bailee to return it. See In re Nantucket Aircraft Maintenance Co., 54 B.R. 86 (Banrtcy. Ct. Mass. 1985), applying Massachusetts law. Based upon the undisputed evidence, the plaintiff in this case has made a prima facie case. She is entitled to a trial on her claim of negligence on the part of the bailee.
A misrepresentation of fact can be the basis for the tort of deceit. “One who fraudulently makes a misrepresentation of fact, opinion, intention or law for the purpose of inducing another to act or refrain from action in reliance upon it, is subject to liability to the other in deceit for pecuniary loss caused to him by his justifiable reliance upon the misrepresentation.” RESTATEMENT, SECOND, TORTS §525. The plaintiff contends in her affidavit that the defendant Sears assured her at the time of the pawn, that her ring would be kept in the safe. The safe had been pointed out to the plaintiff. Further, she claims that both defendants reasserted this fact on subsequent visits to the pawnshop. The plaintiff also stated in her affidavit that had she known that the ring would not be in the safe at all times, she would not have left it with the defendants. In their respective depositions, the defendants admitted that the ring was not permanently locked in the safe, but they insisted that no such assurance was made to the plaintiff. Where there exists a dispute as to these facts, the plaintiff is entitled to a trial on the count for misrepresentation.
There is no argument that the parties entered into a contract, although some of the essential terms are in dispute. As indicated above, there is a definite disagreement as to the manner in which the ring was to be secured by the defendants. The only writing supporting the existence of the contract is the pawn ticket But the pawn ticket fails to address many other contractual terms in addition to the security of the ring. For example, the ticket does not mention the duration of the contract nor the interest to be paid on the loan. The piaintiff, however, could be permitted to admit parol evidence of additional terms consistent with this writing. Regina Grape Products Co. v. Supreme Wine Co., 357 Mass. 631 (1970). Therefore, a dispute as to these terms or their performance is a matter most appropriately left for trial.
The plaintiff’s remaining count seeks relief pursuant to G.L.c. 93A As the Appeals Court pointed out in Noyes v. Quincy Mutual Fire Ins. Co., 7 Mass. App. Ct. 723 (1979), summary judgment would rarely be appropriate in a claim under G.L.c. *22 93A compare: Van Dike v. St. Paul Fire and Marine Ins. Co., 388 Mass. 671 (1983). That is, whether a given practice is unfair or deceptive depends upon the circumstances of each case and frequently on a determination of the defendant’s knowledge and intent. The existence of those factual issues are made out from the allegations in the plaintiffs affidavit, which allegations are denied by the defendants. ‘The duty of the trial judge is not to conduct a ‘trial by affidavits’ (or other supporting materials), but to determine whether there is a substantial issue of fact.” Noyes, supra at 726. In this case, the existence of substantial issues of fact preclude summary judgment on the count for relief pursuant to G.L.c. 93A.
Therefore, we rule that the trial court’s allowance of the defendants’ motion for summary judgment be reversed and the case be returned to the Chicopee Division for trial.