## IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN
*************

| | |
|---|---|
| **BLUEWATER CONSTRUCTION, INC.,** ) | |
| ) | CASE NO. ST-2020-CV-00212 |
| Plaintiff, ) | |
| ) | ACTION FOR FORECLOSURE |
| -vs- ) | OF CONSTRUCTION LIEN |
| ) | |
| **GARY HILL and WANDA HILL,** ) | |
| ) | |
| Defendants. ) | |
| **GARY HILL and WANDA HILL,** ) | ACTION FOR BREACH OF |
| ) | CONTRACT, BREACH OF IMPLIED |
| Counterclaim Plaintiffs, ) | WARRANTY OF GOOD WORKMAN- |
| ) | SHIP, NEGLIGENCE, CONVERSION, |
| -vs- ) | CIVIL CONSPIRACY, RESTITUTION |
| ) | AND DECLARATORY JUDGMENT |
| **BLUEWATER CONSTRUCTION, INC., TONY** ) | |
| **COFFELT, and SPRINGBOARD, LLC,** ) | JURY TRIAL DEMANDED |
| ) | |
| Counterclaim Defendants. ) | |

Cite as: 2022 VI Super 87U

## MEMORANDUM OPINION AND ORDER

¶1 **THIS MATTER** is before the Court on:

1.  Defendants/Counterclaimants Gary Hill and Wanda Hill's Motion For Leave To Amend First Amended Counterclaim ("Motion"), filed August 1, 2022;

2.  Counterclaim Defendant Tony Coffelt's Response To Hills' Motion For Leave To Amend First Amended Counterclaim, filed August 29, 2022;

3.  Counterclaim Defendant Bluewater Construction, Inc.'s Opposition To Motion For Leave To Amend First Amended Counterclaim, filed August 31, 2022;

4.  Defendants/Counterclaimants Gary Hill and Wanda Hill's Reply To Plaintiff's Opposition To Hills' Motion For Leave To Amend First Amended Counterclaim, filed September 22, 2022; and

5.  Defendants/Counterclaimants Gary Hill and Wanda Hill's Reply To Tony Coffelt's Response To Hills' Motion For Leave To Amend First Amended Counterclaim, filed September 23, 2022.

***Bluewater Construction, Inc. v. Gary Hill and Wanda Hill***
Case No. ST-2020-CV-00212
Memorandum Opinion and Order
Page 2 of 12

2022 VI Super 87U

¶2     The Court will grant leave for Defendants Gary Hill and Wanda Hill ("the Hills") to amend their First Amended Counterclaim because the facts in this case do not warrant the Court deviate from this jurisdiction's liberal leave policy, and Counterclaim Defendants' injuries can be redressed in their concurrently filed Motion For Sanctions.

## I.     INTRODUCTION

### A.  Background Information

¶3     On May 22, 2020, Bluewater Construction, Inc. ("Bluewater") initiated suit against the Hills to foreclose on a construction lien. On August 14, 2020, the Hills filed an Answer, Affirmative Defenses, and Counterclaim. On May 3, 2021, the Hills filed a First Amended Counterclaim against Bluewater and Tony Coffelt ("Coffelt"). The Hills' counterclaims concern windows that Bluewater installed in their home and scaffolding the Hills purchased for construction of their home which Bluewater purportedly utilized at other sites. The Hills allege in their Counterclaim eight (8) counts, seven (7) of which they allege against Bluewater and Coffelt: (1) Breach of Contract against Bluewater;[1] (2) Breach of Implied Warranty of Good Workmanship against Bluewater;[2] (3) Negligence against Bluewater;[3] (4) Conversion against Bluewater and Coffelt;[4] (5) Civil Conspiracy against Bluewater and Coffelt;[5] (6) Restitution against Bluewater and Coffelt;[6] and (7) Declaratory Judgment against Bluewater.[7]

¶4     On July 19, 2022, the Court issued a First Amended Scheduling Order granting leave for the parties to amend their pleadings up to (and including) August 1, 2022. The Hills aver that they seek to amend their First Amended Counterclaim to integrate information unearthed during discovery as well as to incorporate the Court's February 11, 2022 Memorandum Opinion and Order (2022 VI Super 13). The Hills' amendments add factual allegations and a new legal theory relating to their leasing of scaffolding; adjust the dates related to their Conversion claim Conversion claim; add a new count of "Breach of Contract, or in the alternative, Negligence"; amend the Civil Conspiracy count; change the title of their "Restitution" claim to "Unjust Enrichment"; renumber their counts; and amend the caption and relief section to reflect the new changes. A redline copy of the previous Counterclaim and a clean version of the new Counterclaim were attached.

### B.  Parties' Arguments

¶5     Counterclaim Defendant Coffelt opposes the Hills' Motion as he alleges it fails to state a cause of action against Coffelt and should be denied on the grounds of futility under Virgin Islands

---

[1] Countercl. Pls.' First Am. Countercl. 6-7.

[2] Countercl. Pls.' First Am. Countercl. 8.

[3] Countercl. Pls.' First Am. Countercl. 8-9.

[4] Countercl. Pls.' First Am. Countercl. 11-12.

[5] Countercl. Pls.' First Am. Countercl. 12-13.

[6] Countercl. Pls.' First Am. Countercl. 13.

[7] Countercl. Pls.' First Am. Countercl. 14.

Rule of Civil Procedure 15(c) as well as the statute of limitations pursuant to V.I. CODE ANN. tit. 5, § 31(a)(5). Coffelt argues that amended claims Five (Conversion) and Six (Breach of Contract or Negligence) are argued under a theory of bailment that "cannot be sustained as a matter of law."[8] Coffelt states that both amended counts assert that he was the Hills' bailee and agent by agreeing to oversee and manage the lease of the Hills' scaffolding and that he had a duty to collect rent and return the scaffolding to the Hills upon termination.[9]

¶6     Coffelt argues that the Hills fail to allege that he had exclusive custody or control of the scaffolding and that they actually allege the opposite by stating that Bluewater leased the scaffolding.[10] Coffelt also argues the Hills failed to establish any "mutual duty or obligation" or any "mutual benefit," and that what is alleged is at most a "gratuitous bailment," or a bailment agreement where the bailee receives no compensation, and he would only be liable for damage caused by gross negligence.[11] Coffelt states that the Hills do not allege gross negligence or damage of the property. Coffelt also argues that the alleged negligence occurred between March 2019 and May 2020 and a two-year statute of limitations applies to tort negligence.[12] Coffelt further contends that the same reasoning should apply to the Conversion counterclaim because Coffelt states he neither controlled or interfered with the scaffolding nor was he a bailee.[13]

¶7     Bluewater maintains that at the beginning of this litigation, "the Hills have repeatedly and staunchly denied giving authorization for Bluewater to use their scaffolding."[14] Bluewater then states that the information that was uncovered during discovery were text messages between Coffelt and Gary Hill authorizing Bluewater to use the scaffolding and Coffelt to oversee it, that these text messages were always available to Gary Hill as a party to the litigation, and the purpose was to "cause undue delay, to serve a dilatory purpose and bad motive, and to prejudice Bluewater."[15] Bluewater argues that leave to amend is not automatic and is at the discretion of the Court.[16] Bluewater further argues that the Hills' delay and failure to take advantage of previous opportunities to amend without adequate explanation has put an unfair burden on this Court and Bluewater.[17] Bluewater argues that awareness of facts and a failure to include them can give "rise to the inference that the plaintiff was engaging in tactical maneuvers," and that the failure to satisfactorily explain undue delay should result in a finding of bad faith.[18]

¶8     Bluewater states that the Hills fail to disclose when the new information was discovered by them, and "[m]ore importantly, the Hills had access to" the text exchange between Gary Hill and Coffelt since March 5, 2019.[19] Further, citing to the Delaware case of *Inline Connection Corp.*

---

[8] Coffelt's Resp. 2.
[9] Coffelt's Resp. 4.
[10] Coffelt's Resp. 6.
[11] Coffelt's Resp. 6-7.
[12] Coffelt's Resp. 7.
[13] Coffelt's Resp. 8.
[14] Bluewater's Resp. 2.
[15] Bluewater's Resp. 3.
[16] Bluewater's Resp. 3-4.
[17] Bluewater's Resp. 4.
[18] Bluewater's Resp. 5.
[19] Bluewater's Resp. 5.

*v. AOL Time Warner Inc.*,[20] Bluewater argues that it should not be required to demonstrate prejudice.[21] However, Bluewater states it was prejudiced by being forced to engage in unnecessary motion practice and discovery which has been "time consuming and costly."[22] Bluewater has also concurrently moved for sanctions against the Hills for not disclosing the text messages earlier, which the Court shall address in a separate Order.

¶9        The Hills counter Bluewater's allegations of bad faith and dilatory motive in their Reply. The Hills contend that their inability to disclose Gary Hill's and Coffelt's text exchange was because Gary Hill "did not remember his exchange with Coffelt, and by his own account he very likely deleted the message shortly after reading it."[23] The Hills argue that by certifying their discovery response, they certified that it was true and correct with respect to the fact that they do not have any discovery materials, do not recall having any, and that no diligent search would uncover any, and "[t]he fact that the Hills are amending their pleadings to conform to evidence that Gary Hill does not remember is *not* evidence of bad faith."[24]

¶10        The Hills contend that "[w]hether Bluewater finds the Hills' explanation for failing to turn over a forgotten and deleted text exchange to be believable is immaterial" to a charge of bad faith.[25] The Hills cite to the District of Columbia District Court case *Sherrod v. McHugh*,[26] which states: "Preventing a party from amending her complaint on the basis of bad faith generally requires an affirmative showing by the nonmoving party . . . . Such a showing often requires extrinsic evidence."[27] The Hills maintain that "[a]bsent some concrete showing that the Hills are attempting to 'muddy the waters' . . . there is no basis to reject the Hills' proposed amended counterclaim based solely on Bluewater's aspersions."[28]

¶11        The Hills further assert that Bluewater's claim it will be prejudiced "is simply not credible," as first, there are no new claims being asserted against Bluewater.[29] The Hills state that the Conversion counterclaim still revolves around Bluewater's "wrongful exercise of dominion over the Hills' scaffolding" and the same facts that have been "part of this action from the beginning."[30] Secondly, the Hills argue "there is no doubt that Bluewater knew about the Hill-Coffelt exchange as early as mid-December 2021 because Bluewater and Hill[31] shared the same attorney."[32] Further, the Hills claim that "both Coffelt and Bluewater testified in their respective depositions that they

---

[20] 237 F.R.D. 361 (D. Del. 2006).

[21] Bluewater's Resp. 5-6 (citing *Inline Connection Corp.* 237 F.R.D. at 369).

[22] Bluewater's Resp. 6.

[23] Hills' Reply To Bluewater 2.

[24] Hills' Reply To Bluewater 2.

[25] Hills' Reply To Bluewater 3.

[26] 249 F. Supp 3d 85 (D.D.C. 2017)

[27] *Id.* at 87 (first citing *Roller Bearing Co. of Am. v. Am. Software, Inc.*, 570 F. Supp. 2d 376, 386 (D. Conn. 2008), then citing *Adams v. Gould, Inc.*, 739 F.2d 858, 868 (3d Cir. 1984)).

[28] Hills' Reply To Bluewater 3.

[29] Hills' Reply To Bluewater 3.

[30] Hills' Reply To Bluewater 3.

[31] This appears to be a scrivener's error substituting "Hill" for "Coffelt", as Bluewater and the Hills are on the opposite sides of this action and Court records show Bluewater and Coffelt, not the Hills, shared the same attorney.

[32] Hills' Reply To Bluewater 3.

were aware of the existence of the text message" for sometime before the instant motion.[33] The Hills contend therefore, that Bluewater's joint counsel should have known about the text by the original disclosure deadline of July 30, 2021, and if counsel for Bluewater did not direct Coffelt, as an employee of Bluewater, to search for relevant evidence, it is not the fault of the Hills.[34] Therefore, the Hills state, Bluewater cannot claim prejudice "premised on evidence that has been in Bluewater's actual or constructive possession[.]"[35]

¶12     In response to Coffelt's Opposition, the Hills first argue that Coffelt "reads the scope of a bailment much too narrowly" as the Virgin Islands Supreme Court has said that a "bailment is created whenever personal property is delivered by one person to another in trust *for a specific purpose* with the understanding that the property will be returned when the purpose is accomplished" and "[t]he specific purpose of the bailment in this case was leasing the scaffolding to Bluewater."[36] Thus, the Hills argue, the scaffolding was in the "sole control and dominion" of Coffelt for the specific purpose of leasing it to Bluewater and managing that lease, and Coffelt was the only individual who was authorized to possess the scaffolding for the purposes of leasing it.[37] The Hills therefore contend that "[b]ecause the specific purpose of the bailment was to lease the scaffolding to a third party, it does not undermine the Hills' bailment claims to allege that Coffelt had possession of the scaffolding for the specific purpose of renting it to Bluewater."[38]

¶13     Next, the Hills counter Coffelt's claim that they did not establish a "mutual benefit" for a bailment to exist. The Hills cite both this Court's February 11, 2022 Memorandum Opinion and Order (2022 VI Super 13), where this Court stated that the use of the scaffolding was manifestly beneficial to Bluewater and Coffelt, as well as Coffelt's alleged words in a message to the Hills where he stated "Bluewater asked if you would be interest in renting some sets of scaffold for another job they have. I would say it's a good idea as . . . *you guys could recoup some of your money.*"[39] Thus, the Hills maintain that there was mutual benefit in the bailment agreement that extended to both the Hills and Coffelt.[40]

¶14     The Hills also oppose Coffelt's assertion that they did not allege gross negligence. The Hills point to paragraphs 68, 75, and 76 of their Proposed Second Amended Counterclaim where they state: "Coffelt's breach of his duty of care to the Hills was deliberate, intentional, willful, and wanton, or done with reckless disregard for the consequences of his actions" and that he acted negligently by not recovering and returning the scaffolding.[41]

¶15     The Hills then disagree with Coffelt's assertion that the Motion should be denied because of the statute of limitations. Coffelt states that the Hills "failed to file a claim for negligence against

---

[33] Hills' Reply To Bluewater 4.

[34] Hills' Reply To Bluewater 4.

[35] Hills' Reply To Bluewater 4.

[36] Hills' Reply To Coffelt 2 (quoting *Cape Air Int'l v. Lindsey*, 53 V.I. 604, 619 (2010)) (emphasis added).

[37] Hills' Reply To Coffelt 2.

[38] Hills' Reply To Coffelt 2.

[39] Hills' Reply To Coffelt 3 (emphasis in original).

[40] Hills' Reply To Coffelt 3.

[41] Hills' Reply To Coffelt 3-4.

*Bluewater Construction, Inc. v. Gary Hill and Wanda Hill*
Case No. ST-2020-CV-00212
Memorandum Opinion and Order
Page 6 of 12

2022 VI Super 87U

Coffelt until August 21, 2022, after the statute of limitations had expired,"[42] but the Hills first point out that they filed their Motion on August 1, 2022, not August 21.[43] The Hills also state that they do not allege that Coffelt's negligence ended in May 2020 but rather, when the scaffolding was returned to the Hills.[44] The Hills argue that although the amended pleading does not state when the scaffolding was returned, they also do not state Coffelt's liability ended in May 2020.[45] Citing to the Virgin Islands Supreme Court case of *Pedro v. Ranger American of the Virgin Islands, Inc.*,[46] the Hills argue that the statute of limitations is an affirmative defense which a plaintiff need not anticipate at the pleading stage.[47] Therefore, the Hills claim, even if Coffelt's factual allegations were true, they would not be sufficient to defeat the Hills' amendments.[48]

¶16    Lastly, the Hills state that Coffelt's assertion that their Conversion counterclaim must fail because he did not control the scaffolding or exercise the perquisite "dominion or control" "just recycles Coffelt's previous claim that he did not have "sole possession" of the scaffolding to constitute a bailment."[49] Again, the Hills state that Coffelt did have sole possession of the scaffolding for the purposes of leasing it, and Coffelt did exercise unauthorized control by refusing to return it, thus, the Conversion counterclaim stands.[50]

## II.    LEGAL STANDARD

### A.  Motion To Amend Complaint

¶17    Virgin Islands Rule of Civil Procedure 15(a)(2) states that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."[51] Rule 15-1 governs the form of amendments and requires the amended pleading be attached to the motion.[52]

¶18    When ruling on a motion to amend, the Virgin Islands Supreme Court has stated:

> Appropriate justifications [for deviating from the norm of freely granting leave to amend] include, but are not limited to, 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by

---

[42] Coffelt's Resp. 7.

[43] Hills' Reply To Coffelt 4.

[44] Hills' Reply To Coffelt 4.

[45] Hills' Reply To Coffelt 4. The Hills attach as Exhibit 1 an email exchange indicating that the scaffolding, or most of it, was returned August 21, 2020.

[46] 63 V.I. 511, 519-20 (2015) ("[A] plaintiff is 'not required to anticipate in his complaint any affirmative defenses [the defendant] might raise in its answer.'").

[47] Hills' Reply To Coffelt 4-5.

[48] Hills' Reply To Coffelt 5.

[49] Hills' Reply To Coffelt 5.

[50] Hills' Reply To Coffelt 5.

[51] V.I. R. Civ. P. 15(a)(2).

[52] V.I. R. Civ. P. 15-1 ("A party moving to amend a pleading shall attach a complete - and properly signed - copy of the proposed amended pleading to the motion papers.").

*Bluewater Construction, Inc. v. Gary Hill and Wanda Hill*
Case No. ST-2020-CV-00212
Memorandum Opinion and Order
Page 7 of 12

2022 VI Super 87U

amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment[.]'[53]

¶19     Virgin Islands Rule of Civil Procedure 15(c)(1) governs the relation back of amendments in cases not involving the Government of the Virgin Islands and states in its entirety:

(c) **Relation Back of Amendments**.

(1) *When an Amendment Relates Back*. An amendment to a pleading relates back to the date of the original pleading when:

(A) the law that provides the applicable statute of limitations allows relation back;

(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or

(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

(i) received such notice of the action that it will not be prejudiced in defending on the merits; and

(ii) knew or should have known that the action would have been brought against it, but for mistake concerning the proper party's identity.[54]

¶20     In *Schrader-Cooke v. Government of the Virgin Islands*,[55] this Court stated that "[f]utility refers to the complaint, even after amendment, failing to state a claim upon which relief could be granted"[56] and in *Gourmet Gallery Crown Bay, Inc. v. Crown Bay Marina, L.P.*[57] this Court asserted that "[i]n determining whether an amendment would be futile, the court considers whether it would survive a motion to dismiss."[58] When deciding a motion to dismiss, all material allegations in the complaint are taken as true, and the Court must construe all facts in a light most favorable to the non-moving party.[59] "Even if a complaint is 'vague,' 'inartfully drafted,' 'a bare-bones outline,' or 'not a model of specificity,' the complaint may still be adequate so long as it can

---

[53] *Basic Services, Inc. v. Gov't of the Virgin Islands*, 2019 VI 19, ¶ 26 (quoting *Reynolds v. Rohn*, 2019 VI 8, ¶ 24) (brackets in original).

[54] V.I. R. Civ. P. 15(c).

[55] 2019 V.I. Super 116U.

[56] *Id.* at ¶ 13 (quoting *Hartzog v. United Corp.*, No. SX-2004-CV-00095, 2011 V.I. LEXIS 95, at *9 (V.I. Super. Ct. Sept. 7, 2011)).

[57] No. ST-2014-CV-00513, 2017 V.I. LEXIS 73 (V.I. Super. Ct. May 19, 2017).

[58] *Id.* at *7 (quoting *Merchs. Commercial Bank v. Oceanside Vill., Inc.*, 64 V.I. 3, 11 (V.I. Super. Ct. 2015)).

[59] *L'Henri, Inc. v. Vulcan Materials Co.*, Civ. No. 206–170, 2010 WL 924259, at *1 (D.V.I. Mar. 11, 2010) (citing *Christopher v. Harbury*, 536 U.S. 403, 406 (2002)).

reasonably be read as supporting a claim for relief[.]"[60] Further, "the purpose of the notice pleading standard is to avoid 'dismissals of cases based on failure to allege specific facts which, if established, plausibly entitle the pleader to relief.'"[61]

### B. Statute of Limitations

¶21     Title 5, § 31(a)(5) provides a two-year statute of limitations for civil "action[s] for libel, slander, assault, battery, seduction, false imprisonment, or for any injury to the person or rights of another not arising on contract and not herein especially enumerated" while § 31(a)(3)(A) provides a six-year statute of limitations for civil "action[s] upon a contract or liability, express or implied" and §31(a)(3)(D) provides a six-year statute of limitations for "[a]n action for taking, detaining, or injuring personal property, including an action for the specific recovery thereof." [62]

### C. Bailor/Bailee Relationship

¶22     In *Cape Air Int'l v. Lindsey*,[63] the Virgin Island Supreme Court established that "[a] bailor makes out a prima facie case of negligence by a bailee by proof of three elements: a contract of bailment; delivery to the bailee; and the failure of the bailee to redeliver the property at termination of the bailment."[64]

## III.    ANALYSIS

### A.    Amendment of the Complaint is not futile

¶23     The Court is not convinced that the Hills' proposed Second Amended Counterclaim is futile or that dismissal is warranted at this stage. The Hills have satisfactorily alleged facts which would put a party on notice of the claims against them, namely that Coffelt and Bluewater utilized scaffolding purchased by the Hills for monetary gain while failing to recompense them. To decide whether amendment is futile, the Court considers whether the amendment would survive a motion to dismiss and, in deciding a motion to dismiss, the Court takes the allegations as true and construes the facts in a light most favorable to the non-moving party.

¶24     The Hills allege, *inter alia*, that Coffelt and Bluewater understood that the scaffolding belonging to the Hills and their use of it was subject to their compensating the Hills for its use; that Coffelt, by agreeing to oversee and manage the scaffolding, became an agent of the Hills; that Coffelt did utilize the scaffolding but failed in his duty to collect rent payments on behalf of the Hills; and that Bluewater and Coffelt failed to return the scaffolding and continued using it despite

---

[60] *Basic Servs., Inc. v. Gov't of Virgin Islands*, 2019 VI 21, ¶12 (citing *Casaday v. Allstate Ins. Co.*, 232 P.3d 1075, 1080 (Utah App. 2010)).

[61] *Basic Servs., Inc.*, ¶10 (citing V.I. R. CIV. P. 8 Reporter's Note; and *Mills-Williams v. Mapp*, 67 V.I. 574, 585 (V.I. 2017)).

[62] 5 V.I.C. § 31(a).

[63] 53 V.I. 604 (V.I. 2010).

[64] *Id.* at 620 (quoting *In re Nantucket Aircraft Maintenance Co.*, 54 B.R. 86, 88 (Bankr. D. Mass. 1985)).

*Bluewater Construction, Inc. v. Gary Hill and Wanda Hill*
Case No. ST-2020-CV-00212
**Memorandum Opinion and Order**
**Page 9 of 12**

2022 VI Super 87U

the Hills' demand for its return. The Hills' proposed Second Amended Counterclaim can more than fairly be read as supporting a claim for conversion, contract-breach, or otherwise negligence on behalf of a bailee to a bailor.

### B. Amendment is not barred by the statute of limitations

¶25    As for the statute of limitations argument presented by Coffelt, the Hills motion to modify their First Amended Counterclaim was filed on August 1, 2022, while the Hills have provided evidence that only some of their scaffolding was returned on August 21, 2022. Thus, the Hills' claim would be within the applicable two (2) year statute of limitations for tort negligence and well within the six-year statute of limitations for contract actions and actions premised on the taking of personal property.

¶26    Further, the amended claims modify the original claims by stating that the Hills authorized Coffelt to oversee the renting of the scaffolding, but they do not drastically alter the underlying factual occurrences of Bluewater and Coffelt utilizing the Hills' scaffolding and not paying the Hills for it. Thus, the new legal theory of recovery rests on the same fundamental allegations and asserts a claim that "arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."[65] Therefore, the amendments relate back to the original pleading and would not be barred by the statute of limitations in any case. Lastly, the Virgin Islands Supreme Court has stated that "a plaintiff is 'not required to anticipate in his complaint any affirmative defenses [the defendant] might raise in its answer'."[66] As the statute of limitations is an affirmative defense, it is not necessary for the Hills to plead facts to overcome this defense in their proposed Second Amended Counterclaim.

### C. Other factors like dilatory motive or prejudice do not warrant denial of the amendment in the instant case

¶27    Bluewater impugns the Hills' attempt to amend their counterclaims to bad faith and dilatory motive in an effort by the Hills to prejudice Bluewater by requiring them to expend time and money responding to their claims. The Hills contend that the amendment is due to the disclosure of text messages in discovery that, due to Gary Hill's age and inability to remember, as well as habit of deleting his text messages, the Hills no longer had and were not aware of. Regardless, the information contained in the text messages was known to all opposing parties. Undue delay, bad faith or a dilatory motive resulting in prejudice to an opposing party are all reasons for the Court to deny a motion to amend; however, they do not require the Court to do so. Instead, the Court looks to the particular facts of the case to see if amendment is warranted.

¶28    Here, the Hills are alleged to have kept text messages from the Court which indicate that Coffelt and Bluewater did have authorization to use scaffolding, and after two (2) years of insisting otherwise, the Hills now seek to amend their claims to state that Coffelt was their bailee as to the scaffolding, rather than nonpermissive users. It strains credulity that the Hills intentionally "hid"

---

[65] V.I. R. CIV. P. 15(c)(1)(B).
[66] *Pedro*, 63 V.I. at 519-20 (quoting Rennie v. Hess Oil V.I. Corp., 62 V.I. 529, 546 n.12 (V.I. 2015).

the text message—and the fact of Gary Hill's authorization to use the scaffolding—from the Court, knowing that Coffelt and Bluewater were aware of these messages, just to file an inaccurate Counterclaim that would need to be amended later or risk failing on the merits.

¶29    However, even assuming *arguendo* that this was not an oversight by the Hills but intentionally done in bad faith and for dilatory purposes, the Court is still not convinced that denial of the amendment is warranted here. Notably, the text messages were available to both Coffelt and Bluewater as well as the Hills, as the text conversation was between Gary Hill and Coffelt, an employee of Bluewater. Therefore, the Hills did not hide evidence from another party in this matter. Markedly, the new information revealed in the text messages do not drastically alter all or even most of their counterclaims but rather modify the legal reasoning behind only a couple.

¶30    Nor do the facts revealed—that Coffelt was authorized to use the scaffolding—appear to the Court to necessitate a completely new line of investigation or discovery which may be or has been spoiled by the delay. This is not akin to a party hiding the existence of a surveillance camera from another party until after footage is routinely deleted or disclosing the identity of a witness only after they have fallen into a coma. The alleged damage to Bluewater and Coffelt purportedly comes in the form of time and money spent defending against a couple ultimately erroneous counterclaims. Notably, Bluewater would still have had to respond to the Hills' other counterclaims in seeking to dismiss their suit, as the counterclaims concerning the scaffolding are only a few of the eight (8) total counterclaims. Whatever injury was done can be addressed by the Motion For Sanctions and accompanying court order.

¶31    Furthermore, the Court explicitly provided leave for the parties to amend their Complaints and Counterclaims by August 1, 2022, and the Hills have timely abided by this schedule and moved amend their First Amended Counterclaim. The Motion also seeks to amend certain issues previously identified by the Court in a Memorandum Opinion and Order dated February 11, 2022 (2022 VI Super 13).[67] The Hills have included a redline copy of their proposed Second Amended Counterclaim and a copy of their new counterclaim with their Motion as required by Rule 15. The amended changes do not drastically alter the prior First Amended Counterclaim, which already survived scrutiny from a motion to dismiss. The amended changes are largely either minor technical changes (e.g., title changes, renumbering) or reflect the new legal theory supported by the text exchange between Gary Hill and Coffelt without drastically altering the underlying supporting facts. The Court will grant the Hills' Motion and allow the amendments.

## IV.    <u>CONCLUSION</u>

¶32    On May 22, 2020, Bluewater initiated suit against the Hills to foreclose on a construction lien. On July 19, 2022, the Court issued a First Amended Scheduling Order granting leave for the parties to amend their pleadings up to (and including) August 1, 2022. The Hills aver that they seek to amend their First Amended Counterclaim to integrate information unearthed during discovery as well as to incorporate the Court's February 11, 2022 Memorandum Opinion and Order (2022 VI Super 13).

---

[67] Namely, reclassifying the counterclaim of "Restitution" as "Unjust Enrichment."

¶33    The Hills' amendments add factual allegations relating to their leasing of scaffolding; clarify dates in their Conversion claim; add a new count of "Breach of Contract, or in the alternative, Negligence"; amends the Civil Conspiracy count; change the title of their "Restitution" claim to "Unjust Enrichment"; renumber their counts; and amend the caption and relief section to reflect the new changes. A redline copy of the previous Counterclaim and a clean version of the new Counterclaim were attached.

¶34    Bluewater and Coffelt argue that the Hills' Motion should be denied, as the new information unearthed during discovery was a text conversation between Gary Hill and Coffelt authorizing Coffelt to use the scaffolding, and this conversation was available to the Hills throughout this case. Counterclaim Defendants argue that the Hills have failed to adequately explain their failure to disclose this conversation and, as a result, the Court should assume the Hills failure to disclose the text messages earlier was made in bad faith for tactical purposes, prejudicing Bluewater and Coffelt, and causing undue delay. The Hills allege that they were unaware of the exchange because of Gary Hill's age and tendency to delete text messages.

¶35    Even with the assumption that the Hills acted in bad faith to prejudice Bluewater and Coffelt, the Court finds that denial of the Motion to amend is not appropriate given this jurisdiction's liberal amendment policy and the facts of this case, namely that both parties were aware or should have been aware of the text exchange, the Court had specifically allowed for amendments in its scheduling order, and the damage to Counterclaim Defendants is wasted time and money which can be addressed by their concurrently filed Motion For Sanctions. Accordingly, it is hereby

    **ORDERED** that Defendants Gary Hill and Wanda Hill's Motion For Leave To Amend First Amended Counterclaim, filed August 1, 2022, is **GRANTED**; and it is further

    **ORDERED** that the Second Amended Counterclaim of Gary and Wanda Hill, filed August 1, 2022, is **APPROVED and DEEMED FILED as of August 1, 2022**; and it is further

    **ORDERED** that, **on or before October 25, 2022**, Defendants Gary Hill and Wanda Hill shall, in accordance with V.I. R. Civ. P. 15-1(c), file and serve their Second Amended Counterclaim on Counter-Defendants Bluewater Construction, Inc. and Tony Coffelt; and

    **ORDERED** that, **on or before October 25, 2022**, Defendants/Counterclaim Plaintiff Gary Hill and Wanda Hill shall file and serve their Second Amended Counterclaim on Bluewater Construction, Inc., Tony Coffelt, and Springboard, LLC in care of their counsel of record; and it is further

    **ORDERED** that Counterclaim Defendants shall respond to Defendants/Counterclaim Plaintiffs Gary Hill and Wanda Hill's Second Amended Counterclaim within twenty (20) days after service thereof; and it is further

*Bluewater Construction, Inc. v. Gary Hill and Wanda Hill*
Case No. ST-2020-CV-00212
Memorandum Opinion and Order
Page 12 of 12

2022 VI Super 87U

**ORDERED** that a copy of this Memorandum Opinion and Order shall be directed to counsel of record.

**DATED:** October ⎧3, 2022

_____
**DENISE M. FRANCOIS**
Judge of the Superior Court of the Virgin Islands

**ATTEST:**

**TAMARA CHARLES**
Clerk of the Court

**BY:** _____
**LATOYA CAMACHO**
Court Clerk Supervisor: 10 13 2022